UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BETTY ANN DELKER,**

**Plaintiff,**

**v.** **Case No: 6:12-cv-1602-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

The Plaintiff Betty Ann Delker (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) apply the correct legal standards to the medical opinion evidence; (2) order a consultative mental health evaluation; and (3) include or account for Claimant's moderate limitations in maintaining concentration, persistence or pace in the ALJ's residual functional capacity assessment (the "RFC") or in the hypothetical question to the vocational expert (the "VE"). Doc. No. 22 at 12-31. For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I. BACKGROUND.

The facts of this case are largely set forth in the undersigned's prior report and recommendation, *Delker v. Commissioner of Social Security*, Case No. 6:08-cv-1074-Orl-31GJK, Doc. No. 17, (M.D. Fla. Aug. 21, 2009), and, except as expressly noted below, are adopted herein. The ALJ's decision in the prior case was reversed and remanded based upon the ALJ's handling of the evidence related to Claimant's mental health impairments, and the ALJ's failure to provide Claimant's attorney an opportunity to solicit meaningful testimony from the VE on cross-examination. *See* Doc. No. 17 at 39-47 in 6:08-cv-1074. In this case, while Claimant again raises issues with respect to the ALJ's handling of the mental health opinion evidence, *i.e.*, whether the ALJ demonstrated good cause for rejecting Dr. Steven Oh's opinions, the dispositive issue here is the ALJ's failure to meaningfully discuss or state with particularity the weight given to an opinion related to Claimant's physical limitations.

## II. ANALYSIS.

### A. Dr. Barber.

On November 19, 2008, while the prior case was pending before this Court, Claimant presented to Dr. Alvan Barber for a consultative physical examination at the behest of the Commissioner. R. 828-35. After conducting a physical examination, Dr. Barber's impressions were: right breast cancers, status-post lumpectomy/chemotherapy/radiation; attention deficit disorder, on medication; anxiety disorder, on medication; depression disorder, on medication; asthma, controlled with medication; history of right carpal tunnel pathology; and arthralgia. R. 832. Dr. Barber opined that Claimant's impairments result in the following functional limitations:

> Claimant cannot walk for long periods of time with fatigue. Claimant can stand and sit for reasonable periods of time. Claimant cannot lift heavy items with right upper extremity. Claimant can use upper body movements and coordinated activities with hands.

> Claimant states that she has never driven and came to the examination by bus.

R. 832 (emphasis added). Thus, in addition to other limitations, Dr. Barber opined that Claimant cannot walk for long periods of time. R. 832.

In his decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: depression; alcohol abuse; right elbow epincondylitis and status post removal of a benign tumor and chemotherapy. R. 483. The ALJ determined that Claimant has the ability to perform the following RFC:

> [T]he claimant had the [RFC] to perform light work . . . as she is able to sit/stand/walk for 6 hours in an 8 hour workday. She is able to lift/carry 20 pounds occasionally (up to 1/3 of the day) and 10 pounds or less more frequently (up to 2/3 of the day). She is able to use her hands, arms and feet for the operation of hand controls and foot/pedal controls in an unlimited fashion in terms of pushing/pulling within the above weight limitations. She is able to do all postural limitations including climbing ramps/stairs, balancing, stooping, kneeling, crouching or crawling on an occasional basis. She is precluded from climbing ladder/ropes/scaffolds. She has no manipulative limitations with regard to reaching, handling, holding, fingering, turning, feeling and manipulating objects either from a gross or fine dexterous standpoint within the weights indicated above. There are no visual or communicative deficits. She is precluded from working at unprotected heights. From a psychiatric standpoint, she is able to understand, remember and carry out and make judgments on simple work related decisions with no impairment. She is limited to unskilled work. She is moderately impaired with regard to interaction with the general public, co-workers and supervisors. Lastly, she is mildly to moderately impaired in her ability to respond appropriately and to make adjustments in a normal routine work setting. . . .

R. 485. Thus, the ALJ found that Claimant retains the ability to walk for 6 hours in an 8 hour workday. R. 485.

With the exception of Dr. Barber's opinions, the ALJ provides a thorough review of the medical evidence and clearly explains the evidentiary basis for his RFC determination. R. 485-

96. However, the ALJ only mentions Dr. Barber's evaluation twice in the decision. R. 491, 492. In the first instance, when discussing the testimony of Dr. Kronberger, a non-examining consultative psychologist, who offered reasons why Dr. Oh's opinions are inconsistent with the other evidence, the ALJ states that Dr. Kronberger "testified that Dr. Oh's opinion was not supported by the mental status findings of the consultative exam of November 19, 2008 which was performed by Dr. Barber." R. 491.

In the second instance, the ALJ states the following:

> With regard to her physical impairments, several agency physicians as well as consultative examiners have given opinions regarding the claimant's physical impairments. A May 2005 physical consultative exam was performed by Dr. James Shoemaker . . . found little objective evidence to support any disabling condition as the exam findings were fairly benign. . . . The record reveals that an undated and unsigned state agency RFC found that claimant could perform a rather wide range of at least medium level work. . . . A later second state agency consultant reached a fairly similar conclusion. . . . <u>A more recent consultative internist exam was performed in November 2008 by Dr. Alvin [sic] Barber . . . was relatively unremarkable. Her mental status was within normal limits and, outside of her prior history of breast cancer; her overall physical exam was relatively quite benign</u>. A December 2008 state agency assessment gave a RFC for a reduced range of light work . . . which appears quite reasonable given the overall objective evidence in the record. The most recent state agency RFC was offered by Dr. Puestow in February 2009 and concluded that the claimant could perform a slightly reduced range of light work. . . .

R. 492 (emphasis added and citations to record removed). Thus, while the ALJ briefly discusses Dr. Barber's examination, the ALJ makes no mention of his opinions regarding Claimant's functional limitations. R. 492.

It is undisputed that the ALJ failed to state with particularity the weight given and the reasons therefor to the opinions of Dr. Barber. *See* Doc. Nos. 22 at 12-13; 26 at 15-16. Claimant maintains that the ALJ's failure to do so warrants reversal, while the Commissioner argues that the error is harmless because Dr. Barber's opinions are "not inconsistent with the ALJ's RFC

assessment." *Id*. For the reasons set forth below, the Court finds that the ALJ's error warrants reversal.

The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1] In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

The ALJ found that Claimant retains the RFC to perform a reduced range of light work, including the ability to walk 6 hours in an 8-hour workday. R. 485. Dr. Barber opined that Claimant "cannot walk for long periods of time with fatigue." R. 832. As set forth above, the Commissioner maintains that Dr. Barber's opinion is not inconsistent the ALJ's RFC and, therefore, any error by the ALJ in failing to weigh Dr. Barber's opinion is harmless. Doc. No. 26 at 15-16. In *Williams v. Commissioner of Social Security*, Case No. 13-cv-464-Orl-36DAB, 2014 WL 412566 at *3-4 (M.D. Fla. Feb. 4, 2014), Magistrate Judge David A. Baker was presented with a similar situation where the ALJ's RFC found that the claimant could walk for six hours in a 8-hour workday, but Dr. Barber provided a consultative examining opinion that the claimant could not walk long distances. *Id*. Magistrate Judge Baker rejected the Commissioner's argument that the ALJ's RFC was consistent with Dr. Barber's opinion, finding that walking "[s]ix hours out of an eight-hour day constitutes 'a long time.'" *Id*. at *4. The Court is persuaded by Magistrate Judge Baker's reasoning in *Williams*, and finds that, in this case, the ALJ's RFC conflicts with Dr. Barber's opinion that Claimant cannot walk for long periods of time. *Compare* R. 485 *with* R. 832.

The ALJ's physical RFC limitations are also based entirely on the opinions of non-examining physicians. *See* R. 492, 496. "Generally, the opinions of examining physicians are

given more weight than those of non-examining physicians. . . ." *McNamee v. Social Security Administration*, 164 Fed.Appx. 919, 923 (11th Cir. Jan. 31, 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1)(2) and (5)). Thus, by failing to state with particularity the weight given to Dr. Barber's examining opinions and instead relying on the opinions of non-examining physicians to determine Claimant's physical limitations in the RFC, the ALJ's decision frustrates the Court's ability to determine whether or not the ultimate decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1178-79. Accordingly, the final decision must be reversed and remanded for further proceedings.

While the ALJ's error with respect to Dr. Barber alone warrants reversal, the Court will briefly address one other issue raised by Claimant.

**B. Dr. Oh.**

Claimant argues that the ALJ erred by failing to demonstrate good cause, supported by substantial evidence for rejecting the opinions of Claimant's treating psychiatrist, Dr. Oh. Doc. No. 22 at 14-16. Claimant's argument is without merit.

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005). In this case, the ALJ provided the following three reasons for rejecting Dr. Oh's opinions: (1) they are not supported by his overall progress notes, the consultative examining opinions, Claimant's statements to other treating

physicians, and the opinions of four state agency mental health professionals; (2) Dr. Oh's opinions provide no cogent explanation for his conclusions and the diagnoses identified in the opinions are not reflected in his treatment notes; and (3) Dr. Oh's opinion that Claimant's use of alcohol was not a contributing factor to her symptoms conflicts with other record evidence. R. 495. Moreover, the ALJ devotes nearly eight (8) pages of the decision to discussing the mental health evidence with detailed citations to the record and the ALJ's reasons for rejecting Dr. Oh's opinions. R. 487-92, 494-96. In short, the ALJ demonstrated good cause, supported by substantial evidence, for rejecting Dr. Oh's opinions.

**C. Remaining Issues.**

As set forth above, this case must be reversed and remanded based on the ALJ's errors with respect to Dr. Barber's opinions. On remand, the ALJ will necessarily have to reconsider all of the evidence and make a new RFC determination. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983). Accordingly, it is unnecessary to determine whether the ALJ also erred with respect to other opinion evidence, in failing to order another consultative mental health examination, or in failing to pose a hypothetical question to the VE, which accounts for Claimant's moderate limitations in concentration persistence or pace.

## II. **CONCLUSION.**

Claimant requests reversal and a remand for an award of benefits or, alternatively, a remand for further proceedings. Doc. No. 22 at 31-33. The Court may reverse for an award of benefits only where the evidence establishes disability beyond a doubt or where the claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). The evidence in this case is conflicting and there is no allegation that Claimant has suffered an injustice. *See generally* R. 83-413, 582-1139. It is for the ALJ, not the

Court, to properly weigh and resolve these conflicts in the evidence. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (court may not reweigh the evidence or substitute its opinion for that of the Commissioner). Therefore, the record does not support an award of benefits.

Based on this record, the Court finds that a remand for further proceedings is appropriate.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and
2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and
3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on February 20, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Drive
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224